FILED
SUPERIOR COURT
OF GUAM

2019 JUN 10 PM 3: 45

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0268-19 |
|---|---|
| vs. | **DECISION AND ORDER** |
| LESTER ANASTACIO, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 10, 2019, for hearing on Defendant Lester Anastacio's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Alternate Public Defender John P. Morrison, and Assistant Attorney General Matthew A. Phelps was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on June 10, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On May 16, 2019, Defendant was indicted with the following charges: (1) Terrorizing (As a Third Degree Felony); (2) Family Violence – Strangulation (As a Third Degree Felony) – 2 Counts; (3) Family Violence (As a Third Degree Felony); and (4) Harassment (As a Petty Misdemeanor). (Indictment, May 16, 2019). These charges stem from allegations that

Defendant kicked his girlfriend, Gail Joy Mobel ("Ms. Mobel"), in the stomach and punched her face twice with a closed fist. (Decl. of Brendlynn O. Joseph, Magistrate's Compl., May 7, 2019). Defendant then placed his hand around her neck, choking her and causing her to have difficulty breathing. *Id.* Ms. Mobel yelled multiple times for help and for Defendant to stop and let her leave, but Defendant refused and threw her to the floor. *Id.* Defendant then inserted a towel deep into her mouth, causing her to have difficulty breathing, then grabbed the back of her head and banged her head on the floor about three times. *Id.* According to Ms. Mobel, she tried to get away from Defendant multiple times using her feet and arms to push him away, but was unsuccessful, and Defendant did not stop attacking her until someone knocked on the door of the residence asking for her. *Id.* Officers who responded to the scene observed that Ms. Mobel had swelling and redness to her right eye, her lips appeared to be swollen and bleeding from a laceration to her lower and upper lip, her gums also appeared to be bleeding, and a red mark on her neck. *Id.* Ms. Mobel complained of pain to her face, neck, and that she felt slightly light headed and dizzy. *Id.* A witness, Ms. Gladys Joyce K. Mobel, also reported to the police that when she arrived at Ms. Mobel's residence she heard Defendant yelling in the bedroom, and Ms. Mobel yelling "Help Me! Why do you do that to me!" *Id.* Defendant then opened the door and instructed everyone to leave or he will hurt them. *Id.* After Ms. Mobel came running out of the house towards Ms. Gladys, Defendant walked towards them with a shovel in his right hand and an electric saw on his left hand, and then said "Huh. You want me to take her away!" and threw the saw at her direction. *Id.*

On May 22, 2019, at Arraignment, Defendant asserted his right to speedy trial. Jury Trial and Selection in this matter is currently set to commence on July 3, 2019 at 1:30 p.m.

On May 24, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, May. 7, 2019. On June 5, 2019, the Government filed its Opposition to the Motion for Bail Redetermination. At the Motion Hearing, the Government acknowledged that the alleged victim in this matter does not oppose Defendant's release, but indicated that its position was that

the Motion for Bail Redetermination should still be denied because Defendant is a danger to the community.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, May 24, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)     length of his/her residence on Guam;

    (ii)    his/her employment status and history, and financial condition;

    (iii)   his/her family ties and relationships;

    (iv)   his/her reputation, character and mental and physical condition;

    (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi)   his/her history relating to drug or alcohol abuse;

    (vii)  the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)   his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is the sole provider and caregiver for his seventy-one year old mother and has two children ages six and ten years old. (Mot. Bail Redetermination at 4). Defendant also offers that he is a U.S. citizen, a forty-four year long resident of Guam, has most of his family ties on Guam, is currently employed but has no cash-on-hand or assets, and has no apparent history of drug or alcohol use. *Id.* Defendant acknowledges that he has a criminal history, but states that the cases are closed. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to exert self-control. Defendant is charged with serious felonies, including Terrorizing (As a Third Degree Felony), two counts of Strangulation (As a Third Degree Felony), and Family Violence (As a Third Degree Felony). (Indictment, May 16, 2019). The Court is concerned about the serious nature of these offenses charged as well as the multiplicity of the offenses. Defendant is alleged to have committed multiple acts of physical violence against the victim in this matter, including non-fatal strangulation, and faces up to twenty (20) years of imprisonment should he be convicted of the felony charges. *See* 9 G.C.A. § 80.30(c).

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. The parties are to return for a Pre-Trial Conference on June 25, 2019 at 10:00 a.m. Jury Selection and Trial remains set for July 3, 2019 at 1:30 p.m.

IT IS SO ORDERED, ~~nunc pro tunc to June 10, 2019~~, this June 10, 2019.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

*AG + APD*

Date 6-10-19 Time 4 pm
CL
Deputy Clerk, Superior Court of Guam